IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ROSALYN WELLS**                                                                                         **PLAINTIFF**

**v.**                                      **CIVIL ACTION NO.: 3:24-cv-72-TSL-MTP**

**TK ELEVATOR CORPORATION,** *et al.*                                               **DEFENDANTS**

**ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Extend Expert Designation Deadline [22] and her Supplemental Motion [23] requesting the same. Plaintiff says that she cannot designate her experts by the current May 15, 2025, deadline for doing so and requests that her expert designation deadline be extended until June 16, 2025. She says that "critical discovery remains outstanding that directly impacts Plaintiff's ability to timely disclose expert testimony,"[1] citing the same discovery issues from earlier motions seeking similar extensions.[2] Defendant TK Elevator Corporation does not oppose the relief requested. *See* Supplemental Motion [23] at 1.

---

[1] The docket reflects that minimal discovery has taken place since the first Case Management Order [6] was entered on April 19, 2024.

[2] For example, Plaintiff continues to say that she has not yet taken the depositions of certain elevator technicians previously employed by Defendant TK Elevator Corporation. Such has been the case since at least December 27, 2024. *See* Motion to Continue [17]. But she now "expects" to depose these technicians on May 27, 2025. [22] at 2. Additionally, the Court notes that in support of the instant Motion [22] Plaintiff says that the identity of the hospital's Director of Facilities "was only recently discovered and is in the process of being scheduled for deposition." [22] at 2. But on March 20, 2025, when Plaintiff moved to extend case deadlines for the fourth time, she averred that her counsel just "learned the names of the Director of Facilities at the hospital" and that her counsel "is seeking dates for the deposition of this witness as well." *See* Motion to Continue [20] at 1. Accordingly, not only has Plaintiff apparently known the identity of the hospital's Director of Faculties for nearly two months now, but she has also not yet scheduled that person's deposition.

1

The Court finds good cause to extend Plaintiff's expert designation deadline until June 16, 2025.  Plaintiff is cautioned, however, that further extensions are not likely to be granted. The Court will also extend Defendant's expert designation deadline by an additional thirty days until July 16, 2025.

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motions to Extend Expert Designation Deadline [22] [23] are GRANTED;

2. Plaintiff's expert designation deadline is extended to June 16, 2025;

3. Defendant's expert designation deadline is extended to July 16, 2025; and

4. All other provisions and deadlines in the Case Management Order [6], as Amended [21], remain in place.

SO ORDERED, this the 20th day of May, 2025.

                                                            s/Michael T. Parker
                                                            United States Magistrate Judge